[L. A. No. 15873. In Bank.—January 14, 1937.]

GORDON M. GALE, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Leonard Wilson for Petitioner.

Philbrick McCoy for Respondent.

THE COURT.—The petitioner was charged with unprofessional conduct as defined by subdivision 5 of section 287 of the Code of Civil Procedure in two matters. Hearings were had before the Local Administrative Committee No. 5 in Los Angeles County. The committee made its findings and recommended suspension for one year. Appearance before the Board of Governors was waived by the petitioner in a communication signed by his counsel, and apparently on the assumption that if the findings of the local adminis-

trative committee were approved no more than a suspension would follow. The board adopted the findings of the local administrative committee but recommended that the petitioner be disbarred. This proceeding for review followed and it is now urged by the petitioner that the evidence is insufficient to warrant any disciplinary order.

 It is unnecessary to recite all of the facts in detail. The charges involve alleged conversions of trust funds, but it is apparent from the record that there is no proof that the petitioner applied any of such funds to his own personal use. The proof shows mismanagement and disregard of the duties of a trustee in handling trust funds. It appeared that the trustee of a testamentary trust turned over to the petitioner a trust fund of about $2,100 with the request that the petitioner "put the money to work". Without further authority the petitioner loaned the fund in small sums without adequate security to his clients or to friends whom he considered responsible, but who subsequently were unable to repay. The bank upon which one check for $1200 was drawn by the trustee considered itself liable on the check assertedly drawn without authority and repaid the sum to the beneficiary of the trust. It accepted notes and some real property from the petitioner and his mother as security for reimbursement to it. The petitioner gave his two personal notes to the beneficiary of the trust for the balance due aggregating about $900. Judgment was obtained on one of the notes but up to the time of the proceedings before The State Bar he was unable to repay more than the sum of $117.

The second matter involved the distribution of an estate of about $1300, consisting of cash, for which the petitioner was acting as administrator. The only proof here was delay in the payment of a portion of the fund to two of the heirs until the filing of the charges herein. The delay was explained by the apparent necessity for further investigation of additional claimants as heirs who were ultimately found to be step-children and not entitled to inherit. It appeared that the funds remained intact in the administrator's account at all times.

We are satisfied that under all of the facts and circumstances disclosed by this record an order of disbarment would not be justified. The conclusion of the local admin-

istrative committee would seem to constitute the proper discipline to be applied in the proceeding.

It is therefore ordered that the petitioner be suspended from the practice of the law in this state for the period of one year, the order to be effective thirty days from and after the filing of this opinion.